UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

DARRELL LEE MCGILLIVRAY,

        Plaintiff,

    v.                                                                            Case No. 23-C-1667

BROWN COUNTY SHERIFF DEPARTMENT, et al.,

        Defendants.

─────────────────────────────────────────────

## SCREENING ORDER

─────────────────────────────────────────────

On December 12, 2023, Plaintiff Darrell Lee McGillivray, acting *pro se*, filed this action against Defendants Brown County Sheriff Department, Sheriff Todd Delain, Lead Investigator Joseph Baltimore, Alec Stevens, Lead Investigator Eric Peterson, Eric Sanchez, and Brandon Peterson. District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). Prompt screening of a complaint prior to service, especially when the plaintiff is *pro se*, serves the important function of protecting putative defendants from the expense of hiring an attorney in order to respond to patently frivolous claims brought either out of ignorance of the law or with intent to embarrass or harass. In screening a complaint, the court must determine whether it complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To state a claim under the notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Plaintiff's complaint consists of nonsensical ramblings. He alleges that, on November 15, 2023, he called the Brown County Sheriff's Department two times, stating that FBI Agent Alec Stevens "was targeting [his] heart" and that he feared for his life. Compl. at 2, Dkt. No. 1. Plaintiff asserts that the Sheriff's Department did not respond within two hours to take his signed statement. He claims that "there was another altercation involving another male" and an hour after that altercation, the Brown County Sheriff's Department responded with six Sheriff Deputy vehicles and five Green Bay Police officers. *Id.* He alleges that he received a restraining order for one year. Plaintiff asserts that Robert Wagner took a signed statement where Plaintiff stated that he feared for his life but that there was no follow up. He asserts that he filed numerous complaints with Sheriff Todd Delain and ended up in Bellin Heath Psych. for two weeks because of the situation. Plaintiff requests that the "direct energy weapons" be disabled immediately. *Id.* at 4. He seeks "immediate relief for being harassed and illegally investigated," a temporary restraining order, and $250 billion. *Id.* at 3–4.

This is not the first lawsuit in which Plaintiff asserts that he fears for his life because FBI Agent Alec Stevens is targeting him with "direct energy weapons." *See McGillivray v. Green Bay Federal Bureau of Investigation*, Case No. 23-C-1289 (E.D. Wis.); *McGillivray v. Green Bay Federal Bureau of Investigation*, Case No. 23-C-1347 (E.D. Wis.). Plaintiff's allegations are the type of "fanciful" and "delusional" allegations that this court can dismiss *sua sponte*. *See Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) ("[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" (citations omitted)).

Plaintiff appears to assert that Sheriff Todd Delain and the Brown County Sheriff's Department failed to properly investigate his complaints against Agent Stevens. An individual

"does not have a constitutional right to have the police investigate his case at all, still less to do so to his level of satisfaction." *Rossi v. City of Chicago*, 790 F.3d 729, 734 (7th Cir. 2015) (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989)); *see also Dickens v. Illinois*, 753 F. App'x 390, 392 (7th Cir. 2018) (noting that a plaintiff "does not have a constitutional right to compel police or others to investigate her concerns about the stalking, surveillance, or other harassment she alleges" (citation omitted)). Accordingly, Plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff names Joseph Baltimore, Eric Peterson, Eric Sanchez, and Brandon Peterson as defendants, but the complaint does not contain any allegations against them. Therefore, they must be dismissed as defendants.

In sum, Plaintiff has failed to state a claim upon which relief can be granted. Although it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). The court concludes that any further attempt to amend the complaint would be futile in this case.

For these reasons, the case is **DISMISSED** because Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **DENIED**. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 14th day of December, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge